**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

TATIANNA TURNER,                    )
                                    )
            Plaintiff,              )        Case No.  24-cv-12171
                                    )
v.                                  )
                                    )
RESILIENCE HEALTHCARE - WEST        )
SUBURBAN MEDICAL CENTER, LLC,       )        **JURY TRIAL DEMANDED**
                                    )
            Defendant.              )

## COMPLAINT

NOW COMES Plaintiff, Tatianna Turner, by and through his counsel, Jeffrey Law Office, LLC, and complains of Defendant Resilience Healthcare - West Suburban Medical Center, LLC, and states as follows:

### JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

### JURISDICTION & VENUE

1.      This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. Seq., and 28 U.S.C. § 1331.

2.      Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant resides in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired, employed, terminated, and harmed by Defendant in this District.

### PARTIES

3.      Plaintiff, TATIANNA TURNER ("Plaintiff"), was at all times relevant to this suit an adult, whose race is Black, residing in Chicago, Illinois. At all times relevant, Plaintiff was

1

employed by Defendant in this District. Plaintiff was hired, employed, terminated, and harmed by Defendant in this District.

4. Defendant, Resilience Healthcare - West Suburban Medical Center, LLC ("Defendant"), is an limited liability company duly organized and doing business in Illinois, located at 3 Erie Court, Oak Park, IL 60302. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq.* Defendant hired, employed, terminated, and harmed Plaintiff in this District. Defendant employs at least 15 full-time employees and therefore is a covered employer under Title VII.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

5. On or about March 27, 2024, Plaintiff timely filed a Charge of Discrimination against Defendant alleging race and compensation discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2024-05930.

6. On or about May 3, 2024, Plaintiff amended her charge to include additional facts in support of her allegations of discrimination and retaliation, including Plaintiff's termination, which occurred on April 5, 2024.

7. On August 28, 2024, the EEOC issued Plaintiff a Notice of Right to Sue for EEOC Charge No. 440-2024-05930.

8. Therefore, Plaintiff's Complaint is being filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

**UNDERLYING FACTS COMMON TO ALL COUNTS**

9. On or about February 14, 2020, Plaintiff was hired as a Telecom Attendant by Resilience Healthcare - West Suburban Medical Center, LLC ("Defendant").

10. Plaintiff's race is Black.

11. Defendant was apprised of Plaintiff's race.

12. Plaintiff performed her job satisfactorily within legitimate expectations of Defendant.

13. At all times relevant hereto, Erin Boarders (White) was Plaintiff's direct supervisor, following her immediate supervisor, Avril Horace, leaving the company.

14. Due to Plaintiff's race (Black), Ms. Boarders has been harassing and discriminating against Plaintiff, creating a hostile work environment.

15. On or about February 21, 2024, Plaintiff reported the discriminatory treatment to Human Resources. Plaintiff also reported the discriminatory treatment to Defendant's third party human resources company, BCN.

16. Then, the harassment and discrimination increased and continued.

17. In fact, Plaintiff was forced to perform the duties of her past supervisor, Avril Horace, without being compensated for the same. Plaintiff was told she would be compensated for the work, but never was.

18. Further, Plaintiff was told she would be paid an incentive for training Defendant security as well, but never was.

19. Ultimately, also in retaliation, Plaintiff was terminated by Defendant on April 5, 2024.

20. Because of Plaintiff's race (Black), Plaintiff was subjected to disparate treatment, race and compensation discrimination, harassment, and termination of her employment.

21. Because Plaintiff reported discrimination and retaliation, exercising a right and protected activity, she was subjected to escalated disparate treatment, harassment, and termination of her employment.

## COUNT I – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq

22.     Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

23.     Plaintiff (Black) is a member of a protected class.

24.     Plaintiff was qualified to perform her job and satisfactorily performed her duties and responsibilities within Defendant's legitimate expectations.

25.     Plaintiff apprised Defendant of her race, Black.

26.     Defendant discriminated against Plaintiff because of her race by refusing to accommodate her desire of a safe and free non-discriminatory work place and for harassing and discriminating against her for the same, creating a hostile work environment, and would not have done so had Plaintiff not been Black and everything else having been the same.

27.     Other White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

28.     Plaintiff's race was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

29.     Defendant's discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, TATIANNA TURNER, respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A.     Declare, decree, and adjudge that Defendant violated Title VII;

B.      Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C.      Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost and reinstating her to the position she previously held;

D.      Order Defendant to pay the Plaintiff compensatory damages;

E.      Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F.      Award the Plaintiff her reasonable attorney's fees and costs; and

G.      Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT II – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq**

30.     Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

31.     It is an unlawful employment practice for an employer to fail or refuse to hire, refuse to promote, suspend or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, for engaging in a protected activity.

32.     Plaintiff (Black) is a member of a protected class under Title VII.

33.     Plaintiff engaged in a Title VII protected activity by reporting illegal acts by Defendant.

34.     Defendant knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff.

5

35. Defendant's decision to discriminate and retaliate against Plaintiff was solely motivated by the fact that she reported race discrimination and retaliation.

36. Defendant would not have retaliated against Plaintiff had she not reported the discrimination and retaliation. The retaliation against Plaintiff directly impacted her terms and conditions of employment with Defendant.

37. Defendant's retaliation against Plaintiff constitutes unlawful discrimination in direct violation of Title VII.

38. As a direct and proximate result of Defendant's unlawful and willful violations, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, damaged reputation, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, TATIANNA TURNER, respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost and reinstating her to the position she previously held;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G.     Award such other and further relief as it is just and appropriate, including nominal

damages.

Dated:  November 25, 2024

                                                            /s   *Antonio L. Jeffrey*
                                                         Attorney for Plaintiff

JEFFREY LAW OFFICE, LLC
Antonio L. Jeffrey (#6308345)
27475 Ferry Rd., Suite 143
Warrenville, Illinois 60555
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffreylawoffice.com