UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TATIANNA TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 24 C 12171 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| RESILIENCE HEALTHCARE – WEST | ) |
| SUBURBAN MEDICAL CENTER, LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Tatianna Turner, a Black woman, worked for Defendant Resilience Healthcare – West Suburban Medical Center, LLC ("Resilience Healthcare") as a Telecom Attendant from February 14, 2020, until her termination on April 5, 2024. After her termination, Turner filed this lawsuit, claiming that Resilience Healthcare engaged in racial discrimination and harassment (Count I) and subjected her to retaliation (Count II), all in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Resilience Healthcare moves to dismiss Turner's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Turner has sufficiently pleaded her race discrimination and retaliation claims, those claims can proceed. However, because Turner fails to plausibly allege severe or pervasive harassment to support her harassment claim, the Court dismisses that claim without prejudice.

## BACKGROUND[1]

Resilience Healthcare provides healthcare services to individuals in Oak Park, Illinois. Turner, a Black woman, began working for Resilience Healthcare on or around February 14, 2020, as a Telecom Attendant. While in that position, she performed according to Resilience Healthcare's expectations.

During Turner's employment, she was forced to perform the duties of her past supervisor, Avril Horace. Resilience Healthcare told Turner it would provide her with additional compensation for this work, but it never did. Turner's subsequent supervisor, Erin Boarders, who is Caucasian, harassed and discriminated against her. Resilience Healthcare also did not pay her a promised incentive for training Resilience Healthcare's security staff.

Turner reported the racially discriminatory treatment she faced to Resilience Healthcare's human resources department on February 21, 2024, and to BCN, its third-party human resources company. On March 27, 2024, Turner filed a discrimination charge against Resilience Healthcare with the Equal Employment Opportunity Commission ("EEOC"). Resilience Healthcare terminated Turner on April 5, 2024. Turner subsequently amended her EEOC charge, and the EEOC issued a right to sue notice on August 28, 2024.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's

---

[1] The Court takes the facts in the background section from Turner's complaint and presumes them to be true for the purpose of resolving Resilience Healthcare's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I.  Discrimination Claim (Count I)

A complaint alleging race discrimination only needs to allege "that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of" her race. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008). A discrimination complaint does not need to "'allege all, or *any*, of the facts logically entailed by the claim,' and it certainly need not include evidence." *Id.* at 1082 (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)); *see also EEOC v. Concentra Health Serv. Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (a plaintiff need only provide enough "detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests'" (quoting *Twombly*, 550 U.S. at 555)).

Turner alleges that Resilience Healthcare discriminated against her based on her race by failing to properly compensate her and terminating her position. Resilience Healthcare argues that Turner's complaint does not include sufficient facts to state a discrimination claim, however, contending that requiring Turner to perform additional job responsibilities does not constitute an adverse employment action and that the complaint includes no allegations connecting her race to her additional responsibilities or her discharge.

3

First, Resilience Healthcare ignores that Turner alleges that it failed to compensate her for taking on additional responsibilities despite its promises to do so. The failure to pay Turner what she was promised, then, sufficiently suggests an adverse employment action. *See Barton v. Zimmer, Inc.*, 662 F.3d 448, 453–54 (7th Cir. 2011) (adverse employment actions include "termination or reduction in compensation, fringe benefits, or other financial terms of employment").

As for causation, Resilience Healthcare requests too much of Turner at the pleading stage; "a plaintiff need only allege enough facts to allow for a *plausible* inference that the adverse action suffered was connected to her protected characteristics." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022). In other words, to sufficiently allege an employment discrimination claim, a plaintiff need only identify the type of discrimination that occurred, by whom, and when. *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833 (7th Cir. 2015); *see also Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) ("Employers are familiar with discrimination claims and know how to investigate them, so little information is required to put the employer on notice of these claims."); *Concentra*, 496 F.3d at 782 ("[O]nce a plaintiff alleging illegal discrimination has clarified that it is on the basis of her race, there is no further information that is both easy to provide and of clear critical importance to the claim."). Turner has alleged that Resilience Healthcare failed to compensate her properly and terminated her employment because of her race. While she may have difficulty proving her discrimination claims, at this stage, her allegations suffice to allow her to proceed to discovery on them. *See Kaminski*, 23 F.4th at 777 ("Satisfying Rule 8 and the accompanying standards articulated by the Supreme Court in *Twombly* and *Iqbal* does not require a plaintiff to plead a prima facie case of employment discrimination. Put more plainly, a plaintiff need not

allege facts aligning with her claim's every element, which she will have to prove for her claim to survive summary judgment." (citations omitted)); *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021) ("It is enough for a plaintiff to assert that she was treated worse because of protected characteristics. . . . Whether she can prove this is a subject for a later stage of the litigation.").

**II.     Harassment Claim (Count I)**

To state a harassment claim, Turner must allege (1) she was subject to unwelcome harassment; (2) the harassment was based on her race; (3) the harassment was severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment; and (4) a basis exists for employer liability. *Huri*, 804 F.3d at 834. Resilience Healthcare again contends that Turner includes only conclusory allegations in support of this claim. The Court focuses on whether Turner has sufficiently alleged that she suffered severe or persuasive harassment.

For purposes of a harassment claim, the "harassment must be sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." *Ezell v. Potter*, 400 F.3d 1041, 1047 (7th Cir. 2005). This includes both subjective and objective components. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). "In determining whether a workplace is objectively hostile, [the Court] considers the totality of the circumstances, including: 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Alamo v. Bliss*, 864 F.3d 541, 549–50 (7th Cir. 2017) (quoting *Harris*, 510 U.S. at 23).

5

Turner alleges that her supervisor harassed her throughout her time working for Resilience Healthcare, that she performed the duties of her past supervisor without pay, and that she did not receive incentive pay for training Resilience Healthcare's security staff. But these general workplace complaints do not allow the Court to infer that a reasonable person would find Turner's work environment hostile, nor does she allege that the harassment unreasonably interfered with her work performance. Instead, the Court lacks details about the conduct of Turner's supervisor that would allow it to consider whether the alleged harassment rises to an actionable level. *See, e.g.*, *Boniface v. Westminster Place*, No 18-CV-4596, 2019 WL 479995, at *3 (N.D. Ill. Feb. 7, 2019) (dismissing plaintiff's claim because her allegations were vague and the complaint contained "no specific allegations suggesting that any conduct was physically threatening or verbally abusive or how it interfered with her work performance"); *Stone v. Bd. of Trs.*, 38 F. Supp. 3d 935, 945 (N.D. Ill. 2016) (dismissing plaintiff's claim because "there is no factual allegation which would plausibly suggest either the severity or pervasiveness of the identified harassment"). And even considering the vague allegations that the Court does have before it, they do not suffice. *See, e.g.*, *Adam v. Obama for Am.*, 210 F. Supp. 3d 979, 990–991 (N.D. Ill. 2016) (dismissing hostile work environment claim despite allegations that supervisor pulled plaintiff's hair, inspected her scalp, and screamed at her on multiple occasions, and that other coworkers laughed at her, gave her dirty looks, and ostracized her); *Triplett v. Starbucks Coffee*, No. 10 C 5215, 2011 WL 3165576, at *5–7 (N.D. Ill. July 26, 2011) (dismissing hostile work environment claim despite allegations of a racially insensitive comment, racially based disciplinary actions, and discrimination against African American employees on multiple occasions). Without more, then, Turner cannot proceed with her harassment claim at this time.

**III.     Retaliation Claim (Count II)**

To plead a retaliation claim, "a plaintiff must allege that she engaged in statutorily protected activity and was subjected to adverse employment action as a result." *Luevano v. Wal-Mart Stores*, 722 F.3d 1014, 1029 (7th Cir. 2013).  Turner claims that Resilience Healthcare retaliated against her by terminating her employment after she reported the alleged harassment internally and to the EEOC.  Resilience Healthcare acknowledges that Turner suffered a materially adverse employment action but argues that Turner has failed to plead that she engaged in statutorily protected activity or a connection between the protected activity and her termination.

Protected activity is "some step in opposition to a form of discrimination that the statute prohibits." *O'Leary v. Accretive Health Inc.*, 657 F.3d 625, 631 (7th Cir. 2011).  The plaintiff must identify the protected activity in the complaint; merely stating that an activity is protected does not suffice. *Concentra*, 496 F.3d at 781.  Initially, Resilience Healthcare appears to ignore the fact that Turner alleges she filed an EEOC charge complaining about race discrimination prior to her termination.  "Filing a charge with the EEOC about the alleged discrimination is the most obvious form of statutorily protected activity." *Silverman v. Bd. of Educ.*, 637 F.3d 729, 740 (7th Cir. 2011), *overruled on other grounds by Ortiz v. Werner Enters., Inc.*, 834 F.3d 760 (7th Cir. 2016).  Turner also alleges that she reported race discrimination to human resources, which sufficiently suggests protected activity. *Giese v. City of Kankakee*, 71 F.4th 582, 591 (7th Cir. 2023); *cf. Cole v. Bd. of Trs.*, 838 F.3d 888, 901 (7th Cir. 2016) ("Merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient." (citation omitted)).

7

As for causation, Resilience Healthcare argues that Turner has not identified the individuals to whom she made her complaints or who engaged in the retaliatory conduct, thus precluding a finding of causation. *See Tomanovich v. City of Indianapolis*, 457 F.3d 656, 668 (7th Cir. 2006) ("It is not sufficient that [an employer] could or even should have known about [an employee's] complaint; [the employer] must have had actual knowledge of the complaints for [its] decisions to be retaliatory." (alterations in original) (quoting *Luckie v. Ameritech Corp.*, 389 F.3d 708, 715 (7th Cir. 2004)). But as with her discrimination claim, at the pleading stage, Turner need not present evidence of a causal connection. *Luevano*, 722 F.3d at 1029. Turner need not identify the specific Resilience Healthcare actors at the pleading stage; her general allegations that she complained to Resilience Healthcare and that Resilience Healthcare then took action against her because of those complaints suffice. *See Green v. Scurto Cement Constr., Ltd.*, 820 F. Supp. 2d 854, 858 (N.D. Ill. 2011) ("[H]ow, who and when are questions that a complaint must answer when pleading fraud under Rule 9(b), while Rule 8 requires only that [plaintiffs] provide 'fair notice' of their claim by giving 'enough details about the subject-matter of the case to present a story that holds together.' [Plaintiffs] readily cleared that hurdle: They alleged that [defendant] had a discriminatory practice, that they complained about it to everyone in sight . . . and that [defendant] retaliated against them for making those complaints." (citations omitted)). Further, Turner has suggested causation based on suspicious timing, with her termination coming just days after the filing of her EEOC complaint and less than a month and a half after she complained to human resources. *See Harris v. Martinez*, No. 22-cv-00373, 2023 WL 3504930, at *7 (N.D. Ill. Dec. 18, 2023) ("Courts . . . often deny motions to dismiss where the plaintiff alleges protected activity that is followed by an adverse employment action. . . . [I]n general, the dismissal of retaliation claims at the pleading stage is typically premised on

8

at least a one-year gap between the protected activity and adverse action."); *Mull v. Abbott Lab'ys*, 563 F. Supp. 2d 925, 931 (N.D. Ill. 2008) ("Suspicious timing is one possible means of establishing such a causal connection."). The Court therefore finds Turner's allegations sufficient to allow her retaliation claim to proceed to discovery.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Resilience Healthcare's motion to dismiss [11]. The Court dismisses Turner's harassment claim without prejudice.

Dated: July 1, 2025

_____
SARA L. ELLIS
United States District Judge